UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUDITH ANDERSON, BRADY PRICE, and GERALD BLANK,<br>    *Plaintiffs*,<br><br>    *vs.*<br><br>DEPUY ORTHOPAEDICS, INC. and JOHNSON & JOHNSON,<br>    *Defendants.* | 1:13-cv-00476-JMS-DKL |

## ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

Defendants DePuy Orthopaedics, Inc. ("DePuy") and Johnson & Johnson filed a Notice of Removal on March 21, 2013 in which they allege that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. [Dkt. 1 at 2, ¶ 4.]  Specifically, DePuy and Johnson & Johnson allege that: (1) Plaintiffs "each allege being a citizen of Virginia," [*id.*]; (2) DePuy is "an Indiana corporation with its principal place of business in Warsaw, Indiana," [*id.*]; (3) Johnson & Johnson is "a New Jersey corporation with its principal place of business in New Brunswick, New Jersey," [*id.*]; and (4) "[t]he amount in controversy exceeds $75,000 exclusive of interest and costs," [*id.* at 2, ¶ 5].

On April 9, 2013, DePuy and Johnson & Johnson filed their Answer to Plaintiffs' Complaint wherein they admit that DePuy is an Indiana corporation with its principal place of business in Indiana and that Johnson & Johnson is a New Jersey corporation with its principal place of business in New Jersey.  [Dkt. 9 at 1-2, ¶¶ 2-3.]  However, contrary to the statement in their Notice of Removal, DePuy and Johnson & Johnson generally deny that Plaintiffs are citizens of Virginia.  [*Id.* at 1, ¶ 1 (generally denying all allegations not specifically admitted, which include Plaintiffs' allegations that they are citizens of Virginia, [*see* dkt. 1-2 at 2, ¶¶ 4-6]).]

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject matter jurisdiction, *id.*, and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). DePuy and Johnson & Johnson are the parties that removed this case to this Court, and they have the burden of providing the information necessary for the Court to determine, among other things, Plaintiffs' citizenship. Despite relying on Plaintiffs' allegations regarding Plaintiffs' citizenship in their Notice of Removal, DePuy and Johnson & Johnson have contradicted themselves by now denying those allegations. This leaves the Court unable to determine whether it can exercise diversity jurisdiction over this case.

Accordingly, the Court **ORDERS** the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction. If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **April 19, 2013** setting forth the basis for each of their citizenships and whether they agree that the amount in controversy exceeds $75,000 exclusive of interest and costs. If the parties cannot agree on their respective citizenships or the amount in controversy, any party who disagrees shall file a separate jurisdictional statement by **April 19, 2013** setting forth its views on those issues. The joint jurisdictional statement, or the competing jurisdictional statement, shall satisfy Plaintiffs' obligations under Local Rule 81-1.

04/10/2013

                                        Hon. Jane Magnus-Stinson, Judge
                                        United States District Court
                                        Southern District of Indiana

- 3 -

**<u>Distribution via ECF only</u>:**

Damon R. Leichty
BARNES & THORNBURG
damon.leichty@btlaw.com

Eric Charles Lewis
LEWIS LEGAL SERVICES, P.C.
cmecf.lewislegal@live.com